Ahren A. Tiller, Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
MATT GALLARDO

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MATT GALLARDO,

    Plaintiff,

vs.

DISCOVER BANK,

    Defendant,

Case No.: '21CV1360 MMA BGS

**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES
### INTRODUCTION

1. MATT GALLARDO (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against DISCOVER BANK, (hereinafter referred to as "DISCOVER" or "Defendant") pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt

- 1 -
*MATT GALLARDO v. DISCOVER BANK, - Complaint for Damages*

Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1]

3. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as

---

[1] CA Civil Code §§ 1788.1(a)-(b)

the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

6. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made on personal knowledge.

**JURISDICTION AND VENUE**

7. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.

8. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. This Court has jurisdiction over the Defendant, as the unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

**PARTIES**

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in

- 3 -
*MATT GALLARDO v. DISCOVER BANK,* - Complaint for Damages

the County of San Diego, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. Defendant DISCOVER is, and at all times mentioned herein was, a Delaware corporation headquartered in Illinois and doing business throughout the country, including this District. Discover is, and at all times mentioned herein, was registered with the California Secretary of State as a foreign corporation doing business within the State of California.

15. Defendant DISCOVER's primary business operations are the issuance and collection of unsecured consumer loans and credit cards.

16. Defendant DISCOVER regularly attempts to collect using the mail, electronic communication, and the telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

17. When individuals owe DISCOVER debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, DISCOVER collects on those consumer debts owed to it through the mail, electronic communication, and telephone. Therefore, DISCOVER is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

18. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

19. Defendant is, and all times mentioned herein, was a corporation and "person," as that term is defined by 47 U.S.C. § 153(39).

- 4 -
*MATT GALLARDO v. DISCOVER BANK,* - Complaint for Damages

20. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

21. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.
22. Prior to 2020, Plaintiff was issued a Credit Card by Defendant. The aforementioned credit card account was issued, serviced, and collected upon by Defendant.
23. Plaintiff made payments toward his Discover credit card account when he took out said account, and maintained good standing until on or about the Fall of 2020, when unfortunately, Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.
24. Upon going into default on said credit card account, agents for Defendant called Plaintiff multiple times and requested payment through the use of an ATDS and often while using a Pre Recorded Voice. Agents for Defendant would contact Plaintiff 2-3 times per day, as often as every day.
25. The aforementioned collection calls were made to Plaintiff's cellular telephone.
26. Plaintiff sought out and retained an attorney to represent him with regards to the debts allegedly owed to Defendant.
27. On December 3, 2020, an associate attorney at Plaintiff's Counsel's office, drafted and mailed a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS, that that Plaintiff had retained Counsel, and that Defendant needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter"). Said Letter referenced the last four digits of the aforementioned credit card issued to Plaintiff by Defendant,

as well as referencing the last four digits of Plaintiff's social security number next to his name in order to help identify Plaintiff. Said Letter clearly informed Defendant that Plaintiff was represented by Counsel, thus said Letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and said Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

28. Despite Defendant's receipt of the December 3, 2020 Letter, Defendant continued to call Plaintiff's cellular telephone and request payments through the use of an ATDS and/or a Recorded Voice, often 2-3 times per day, as often as every day.

29. Between December 3, 2020 and January 30, 2021 Plaintiff would pick up the calls on multiple occasions but the calls made by Defendant contained only a robotic voice recording. Occasionally over that time period, when Plaintiff answered his cellular telephone, there would be a live representative of Defendant on the line. On at least two (2) of those occasions, Plaintiff spoke to a representative of Defendant and informed them that he had retained Counsel and told them to stop calling him.

30. Despite receipt of the December 3, 2020 Letter, as well as the oral communications from Plaintiff which both put Defendant on notice that Plaintiff had revoked consent to be called at all, including via an ATDS and/or pre-recorded voice, and had retained counsel regarding the subject debt, representatives of Defendant have continued to call Plaintiff in excess of one hundred and seventy-five (175) times total on his cellular telephone, including via the use of and ATDS and/or Pre-Recorded Voice message.

31. Defendant has called Plaintiff over one-hundred and seventy-five (175) times in total, after Plaintiff communicated in writing and orally that he revoked any prior consent to call him via the use of an ATDS and/or Recorded Voice and had retained Counsel for any debts owed to Defendant. The December 3, 2020 Letter even contained and an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

32. Despite having received Plaintiff's Letter sent to Defendant's correspondence, Defendant continues to call Plaintiff to date, often 2-3 times per day, as often as every day, at times in rapid succession, which is indicative of a computerized ATDS.

33. Defendant, or its agents or representatives, have contacted Plaintiff on his cellular telephone over 175 times since December 3, 2020, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

34. Many of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

35. The multiple calls made by Defendant or its agents after receipt of the December 3, 2020 Letter were therefore made in violation of 47 U.S.C. § 227(b)(1).

36. Despite receipt of Plaintiff's Attorney's Letter sent to Defendant's mailing address, and verbal notice from Plaintiff to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding these alleged debts, Defendant continues to contact Plaintiff repeatedly to date.

- 7 -
*MATT GALLARDO v. DISCOVER BANK, - Complaint for Damages*

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## Violations of California Rosenthal Fair Debt Collection Practices Act

## (California Civil Code § 1788.14(c))

37. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

38. When Plaintiff's Counsel sent the December 3, 2020 cease-and-desist letter to Defendant, Defendant was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

39. When Plaintiff orally stated to representatives for Defendant that he was represented by Counsel, Defendant was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding this debt.

40. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

41. By calling Plaintiff on his cellular phone over 175 times after receipt of the December 3, 2020 Letter from Plaintiff's Counsel, Defendant violated Cal. Civ. Code §1788.14(c).

42. As a result of the constant collection calls by Defendant, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and

harassing collection calls by Defendant are overwhelming. Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

## II.
## SECOND CAUSE OF ACTION
## Negligent Violations of the TCPA
## (47 U.S.C. § 227 et. seq.)

43. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.
44. Through the December 3, 2020 Letter sent by Plaintiff's Counsel, and orally, Plaintiff revoked any alleged consent for Defendant or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.
45. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*
46. As a result of Defendant's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each one of their over one-hundred and seventy-five (175) calls made in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).
47. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

# III.
# THIRD CAUSE OF ACTION
# Knowing and/or Willful Violations of the TCPA
# (47 U.S.C. § 227 et. seq.)

48. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

49. Through the December 3, 2020 Letter sent by Plaintiff's Counsel, and oral notice from Plaintiff, Plaintiff revoked any alleged consent for Defendant or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

50. The foregoing acts of the Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

51. Therefore, since Defendant or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, Defendant's acts were willful.

52. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages, for each one of their over 175 knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

53. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant DISCOVER herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

d. As to the Second Cause of Action, $500 in statutory damages for each one of Defendant's over one-hundred and seventy-five (175) negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

e. As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's willful and/or knowing 175+ violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

g. For such other and further relief as the Court may deem just and proper.

Dated: July 28, 2021    By:    */s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
BLC Law Center, APC
Attorneys for Plaintiff
MATT GALLARDO

## **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by jury.

Dated: July 28, 2021          By:     */s/ Ahren A. Tiller*
                                                        Ahren A. Tiller, Esq.
                                                        BLC Law Center, APC
                                                        Attorneys for Plaintiff
                                                        MATT GALLARDO